UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                     CASE NO. 6:19-cr-260-Orl-41DCI

EDGAR JOHAN DIAZ-COLON

**UNITED STATES' SENTENCING MEMORANDUM**

The Oxford English Dictionary defines "predator" as "a person who plunders or pillages; a ruthlessly exploitative or rapacious individual." In repeatedly and violently sexually abusing multiple young children, the defendant has proven that he truly is a predator.

He plundered and pillaged the innocence of a three-year-old and two sisters, aged six and seven. With both threats and actual acts of violence, he ruthlessly exploited these children, for his own sadistic pleasure. He also produced multiple videos of some of the children's darkest moments—nightmares of his own creation.

The defendant's offense level under the Sentencing Guidelines is 48, and his Guidelines range is 150 years. Given the gravity of the defendant's conduct, the maximum sentence of 150 years is warranted.

## BACKGROUND[1]

The defendant has been convicted of five counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a).  (PSR ¶¶ 1-8.)  The convictions arise from five different video recordings that the defendant produced.

*Child Victim Two (then age 7) and Child Victim Two (then age 6)*

The first video is approximately 43 seconds long.  It shows the defendant forcing a seven-year-old (Child Victim-2, or "CV-2") and her six-year-old sister (Child Victim-3, or "CV-3") to perform oral sex on him.  (*Id.* ¶¶ 19-20.)

The second video is approximately 1 minute and 53 seconds long.  It depicts the defendant physically and verbally directing CV-2 to spread her legs apart and expose her vagina, multiple times, so he could film it.  (*Id.* ¶¶ 21-22.)  In the third video, which is approximately 18 seconds long, the defendant recorded CV-2 exposing her vagina and anus.  (*Id.* ¶¶ 23-25.)

The fourth video is approximately 52 seconds long.  It shows the defendant directing CV-3 to pose in various positions in front of the camera so

---

[1] At sentencing, the United States will present evidence of events or facts referenced herein that are not already included and not disputed in the Presentence Report (Initial PSR, at Doc. 36).

the defendant could manipulate her exposed vagina, which was visible in the video.  (*Id.* ¶¶ 26-27.)

The four aforementioned videos—in combination—are less than four minutes long.  They do not depict bondage.  They do not depict rape.  As such, they severely underrepresent the true nature, circumstances, and extent of the defendant's sexual abuse of CV-2 and CV-3.

The defendant knew CV-2 and CV-3 through ███████—an acquaintance.  (PSR ¶ 16.)  ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.  The defendant ████████████ lure CV-2 and CV-3 to his place of shelter, where he sexually abused them both multiple times, on numerous occasions. (Ex. 1A at 5-8, 15, 20.[2])

He repeatedly forced CV-2 to perform oral sex on him, and ejaculated in her mouth.  (*Id.* at 5, 15.)  The defendant also anally and vaginally raped

---

[2] After the defendant's crimes against CV-2 and CV-3 were discovered, both children were forensically interviewed.  The video recordings of their interviews are filed under seal as Exhibits 1A and 2A, and the transcripts of those recordings are filed under seal as Exhibits 1B and 2B.  Although only specific transcript pages are referenced herein, the United States encourages the Court to review both video recordings in their entirety (one is 55 minutes long, and the other is approximately 35 minutes long), as the children's body language and overall presentation is further evidence of the effect of the defendant's abuse on the victims.

CV-2 multiple times, causing her tremendous pain. (*Id.* at 7-8, 14.) CV-2 stated, "It hurt because it didn't fit. And it still hurts." (*Id.* at 14.)

The defendant also had a rule that CV-2 could not cry out for help. At times, in the midst of the defendant's sexual abuse, CV-2 begged him to stop: "Can you stop, please, please?" He responded by telling her to shut up, spanking her (at times with a belt), and taping her mouth shut. (*Id.* at 5-6, 13-15, 20-21.)

At one point, the defendant showed CV-2 a video of himself vaginally raping what appeared to be a three-year-old. CV-2 asked the defendant, "Why did you did that?" He responded, "I don't care; she deserved it," and again referenced his "rules." (*Id.* at 24.)

CV-2 was also present when the defendant sexually abused her six-year-old sister, CV-3. CV-2 witnessed the defendant vaginally and anally rape CV-3. CV-2 told the defendant to stop abusing her little sister, but how can a seven-year-old child compete with a grown man? He was relentless, and ignored CV-2's pleas for mercy on behalf of her sister. (*Id.* at 16-20.)

Despite the horrors that she experienced because of the defendant, CV-2 suffered this abuse in silence because the defendant said he would kill her if she told her parents. (*Id.* at 8, 10, 25.) She specifically recalled him whispering, "If you talk to your family, then I will kill you." (*Id.* at 25.)

CV-3 corroborated much of CV-2's account concerning her own (i.e. CV-3's) abuse, recalling that the defendant anally raped her and forced her to perform oral sex on him. (Ex. 2A at 10-12.) She also stated that the defendant penetrated her vagina with his finger. (*Id.* at 17.) The defendant also beat CV-3, and commanded her not to tell her parents about the abuse. (*Id.* at 8.)

Both children displayed shame, humiliation, sadness, and grief during their forensic interviews. (*See generally* Exs. 1A and 2A.) They also expressed a strong desire to escape their memories and experiences of the defendant's horrific abuse. CV-3 asked, "Can I, like, not remember this? Can I forget this?" (Ex. 2A at 7.) Perhaps more hauntingly, CV-2 murmured, "I just want to be with him in heaven. Up in the sky and not be with him." (Ex. 1A at 26.)

### *Child Victim One (then age 3)*

The defendant was also convicted of Count Five of the Indictment, for producing an approximately 80-second video of himself sexually abusing Child Victim-3 ("CV-3") by pulling her underwear to the side and spreading her vagina with his fingers. The defendant produced this video at the home where he was residing at the time. CV-3 was three years old. (PSR ¶¶ 28-29.)

5

CV-3 knew the defendant through a relative. (*Id.* ¶ 29; Ex. 3 at 2.[3]) The defendant touched CV-3's buttocks and kissed them "all the time." (Ex. 3 at 2-3.) He also kissed her vaginal area. (*Id.* at 2-4.) And he hit her. (*Id.* at 2.) Due to the child's age and limited ability (or desire) to communicate about the sexual abuse, CV-3 did not disclose much more. (*See generally* Ex. 3.)

## ARGUMENT

### A. Nature and Circumstances of the Offenses

The nature and circumstances of the defendant's offenses truly shock the conscience. He gained the trust of certain adults in his life, then exploited that trust to gain access to young children in their care. Then he sexually, physically, and emotionally abused the children, over and over again.

Vaginal rape.

Anal rape.

Forced oral sex.

Digital penetration.

He did all of these things, multiple times, against multiple children. The defendant ignored their cries for help, and secured their silence through threats

---

[3] CV-3 was interviewed by the Florida Health Child Protection Team, but the interview was not recorded, in accordance with that agency's policy. A copy of the interview report is filed under seal as Exhibit 3.

6

of violence. At times he forced CV-2 to be quiet by taping her mouth shut. He hit all three children, sometimes with a belt. In light of this, it is unsurprising that the applicable Guidelines offense level is 48 and his Guidelines range is 150 years.

### B. History and Characteristics of the Defendant

The defendant is only 34 years old, yet he has a criminal record riddled with various convictions from throughout the last decade. (PSR ¶¶ 96-102.) His criminal history includes a 10-month sentence in 2012 for domestic violence. (*Id.* ¶ 98.)

More critically, the defendant's sexual interest in children is palpable. Hundreds—if not thousands—of child sex abuse videos were found on the defendant's cell phone.

The defendant also kept scores of child sex abuse videos on various digital storage devices that his live-in partner turned over to the police. The videos depict the sexual abuse of infants, 12-year-olds, and children of virtually every age in between.

Moreover, the defendant's expansive collection of child sex abuse media featured bestiality, bondage, and a wide range of sex acts. The following describes just three of the videos:

- *Video 1* (approximately 56 seconds long): The video depicts a female child who is approximately two to three years old. The child is

positioned on her knees, on top of a bed. The child's pants are pulled down, exposing her anus and vagina. An adult male sexually abuses the child by performing oral sex on her. As the video continues, the adult male vaginally and anally rapes the child.

- *Video 2* (approximately 11 seconds long): The video depicts a female child who is approximately four to five years old. The child is naked and lying on a bed, pinned down by two adult males. One of the adult males places his erect penis inside the child's mouth, causing the child to gag, and the second male holds his penis next to the child's face. The first adult male continues to force the child to perform oral sex as the child tries to resist.

- *Video 3* (approximately two minutes long): The video depicts an adult male and a female child who is approximately two or three years old. The female child is clothed and on a bed. The adult male pulls the child's pants down and forcibly rapes the child as the child tries to resist.

Each of these videos depicts a crime scene involving the sexual abuse of children. Although the defendant collected videos of such crime scenes, he clearly was not content to live vicariously through other individuals who exploit children; the defendant had to victimize children himself. The depth of the defendant's depravity—as evidenced by his history and characteristics, and considered together with the nature and circumstances of the offenses— weighs heavily in favor of the weighty sentence that the United States seeks.

### C. Just Punishment, Adequate Deterrence, Respect for the Law, and Protection of the Public

A Guidelines sentence of 150 years also meets the sentencing goals of adequate deterrence, respect for the law, protection of the public, and just punishment in this case. *See* 18 U.S.C. § 3553(a).

The defendant has demonstrated that he is a danger to the public. No child is safe in his presence. The defendant has mastered the repulsive art of manipulating trusting adults in order to gain access to and corner their vulnerable young children. And his crimes against CV-1, CV-2, and CV-3 were violent and merciless. All of these facts underscore the risk that the defendant poses to children in the future. "Congress [has] explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders." *United States v. Allison,* 447 F.3d 402, 405-06 (5th Cir. 2006); *see also United States v. Pugh,* 515 F.3d 1179, 1201 (11th Cir. 2008) ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported."). A Guidelines sentence will protect children from further crimes of the defendant.

Moreover, deterrence and protection of the public are particularly weighty factors in this case. "The more serious the crime and the greater the defendant's role in it, the more important it is to send a strong and clear

message that will deter others." *United States v. Irey,* 612 F.3d 1160, 1212 (11th Cir. 2010).   A 150-year sentence in this case will accomplish those goals.

## **CONCLUSION**

In light of the serious nature of the defendant's offenses, his personal characteristics, the need to protect children from his further crimes, just punishment, deterrence, and the need to promote respect for the law, the United States respectfully requests the Court to sentence the defendant to a custodial sentence of 150 years.

                              Respectfully submitted,

                              MARIA CHAPA LOPEZ
                              United States Attorney

                    By:  */s/ Emily C. L. Chang*
                          EMILY C. L. CHANG
                          Assistant United States Attorney
                          USA No. 166
                          400 W. Washington Street, Suite 3100
                          Orlando, Florida 32801
                          Telephone:   (407) 648-7500
                          Facsimile:    (407) 648-7643
                          E-mail:       emily.chang@usdoj.gov

U.S. v. DIAZ-COLON                           Case No. 6:19-cr-260-Orl-41DCI

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jenna Kelly, Esq.
Assistant Federal Defender

*/s/ Emily C. L. Chang*
EMILY C. L. CHANG
Assistant United States Attorney
USA No. 166
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-mail:    emily.chang@usdoj.gov
